IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


GRANT LAVELL NUNN,
    Plaintiff,

vs.                                                Case No.: 3:08cv103/RV/EMT

JUDGE THOMAS REMINGTON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 5).

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, — U.S. —, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the

motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff is currently incarcerated at the Okaloosa County Jail (Doc. 1 at 2). He names three Defendants in this action, Judge Thomas Remington, a Circuit Judge in the Circuit Court for Okaloosa County, Florida; David J. Oberliesen, an attorney who was appointed by the court to represent Plaintiff in state criminal proceedings; and Christine R. Bosau, an Assistant State Attorney (*id*. at 1, 2). Plaintiff states that Judge Remington is presiding over a criminal case in which charges are currently pending against Plaintiff (*id*. at 5–6). Plaintiff alleges that Attorney Oberliesen violated his right to privacy by filing a motion to have him evaluated for mental competency (*id*. at 5–6). Plaintiff asserts that Attorney Oberliesen filed the motion because he was angry that Plaintiff filed a complaint against him with The Florida Bar, as well as a motion to terminate him as Plaintiff's counsel in the state criminal case (*id*.). Plaintiff alleges Judge Remington violated his right to privacy by ordering Plaintiff committed to a state mental hospital for evaluation (*id*.). Plaintiff asserts Judge Remington ordered the evaluation because he was angry that Plaintiff filed a motion to disqualify him as the judge in Plaintiff's criminal case (*id*.). Plaintiff states he filed a motion to disqualify Judge Remington in the state supreme court approximately one month ago (*id*. at 6). As to Assistant State Attorney Bosau, Plaintiff alleges she violated his due process rights by separating his criminal charges into separate counts, in violation of the constitutional prohibition against double jeopardy (*id*. at 5–6). He additionally states that Ms. Bosau is violating his equal protection rights by proceeding with the prosecution despite the fact that the only evidence against him is hearsay and perjured testimony (*id*.). Plaintiff states that Defendants have "teamed up" against him to violate his constitutional rights (*id*. at 6). As relief, Plaintiff seeks compensatory damages from Defendants in the amount of $200,000.00 for mental injury and defamation (*id.* at 7). Additionally, he seeks an injunction disqualifying Judge Remington from the ongoing state criminal proceedings (*id*.).

To state a prima facie claim under 42 U.S.C. § 1983, a plaintiff must allege:

1.  the defendant's conduct caused the constitutional violation, and

      2.     the challenged conduct was "under color of state law."

*See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). It is well established that attorneys appointed by the court to represent indigent criminal defendants do not act under color of state law when they represent clients. Polk County v. Dodson, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981); Christian v. Crawford, 907 F.2d 808, 810 (11th Cir. 1990). Accordingly, Plaintiff's claims against Attorney David Oberliesen should be dismissed.

      Plaintiff's claims against Assistant State Attorney Bosau are barred by the doctrine of prosecutorial immunity. A prosecutor is entitled to absolute immunity for all actions she takes while performing her function as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615–16, 125 L. Ed. 2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 424, 96 S. Ct. 984, 992, 47 L. Ed. 2d 128 (1976). Immunity extends to charging a defendant without probable cause and to the knowing proffer of perjured testimony at trial. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002). Furthermore, a prosecutor only can be liable for conspiracy "if his agreement to join the conspiracy or conduct knowingly done in furtherance of it occurred while he was not in his prosecutorial role. [A prosecutor] cannot . . . be held liable for conspiring to violate [a person's] rights by prosecuting him, because he is absolutely immune from liability for" that prosecution. *Id.* at 1282. Under these principles, Assistant State Attorney Bosau's conduct in separating the charges against Plaintiff into separate counts and pursuing the prosecution despite Plaintiff's claim of insufficient evidence clearly falls within the prosecutorial role; thus, Defendant Bosau is immune from Plaintiff's claims.

      Additionally, Plaintiff cannot maintain a suit for damages against Judge Remington because a judge acting in his judicial capacity is absolutely immune from damages suits. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 2815–16, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also* Sun v. Forrester, 939 F.2d 924, 925–26 (11th Cir. 1991). This immunity is retained even if it is alleged that the judge conspired with other parties to

bring about a deprivation of another's rights. Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988).

      Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

      A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. Stump, 435 U.S. at 355-357; *see also* Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. Simmons, 86 F.3d at 1084-85 (citing Stump, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Dykes, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his

jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357 (quotation omitted).

In the instant case, the conduct of which Plaintiff complains, specifically, Judge Remington's ordering him committed to a state mental hospital for evaluation, and any similar matters concerning the conduct of the case, is a function normally performed by a judge. Furthermore, as Plaintiff is a party in the case over which Judge Remington is presiding, he is dealing with Judge Remington in his judicial capacity. Moreover, Plaintiff does not allege, nor do the facts suggest, that Judge Remington acted in the complete absence of all jurisdiction. Therefore, Judge Remington is immune from civil liability.

To the extent Plaintiff seeks disqualification of Judge Remington from the pending state criminal case, the claim must be dismissed because Plaintiff's claim lacks even an arguable basis in law. Federal courts may not intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also*, Hicks v. Miranda, 422 U.S. 332, 349, 95 S. Ct. 2281, 45 L. Ed. 2d 223 (1975); Luckey v. Miller, 976 F.2d 673 (11th Cir.1992). The comity concern in this situation stems from the fact that the section 1983 action

> may also have a substantially disruptive effect upon contemporary state criminal proceedings, and may also undermine the integrity of the writ of habeas corpus. Where the federal court . . . would have to make rulings by virtue of which the validity of a conviction in contemporary state proceedings would be called into question, the potential for federal-state friction [would be] obvious. The federal ruling would embarrass, and could even intrude into, the state proceedings. Questions concerning the effect to be given the federal ruling in the state courts might be difficult ones, and could lead to delay, or even derailment of the course of the state action.

Guerro v. Mulhearn, 498 F.2d 1249, 1253 (1st Cir. 1974). In the instant case, the state criminal proceeding is pending against Plaintiff, and that proceeding affords an adequate opportunity to raise the disqualification issue, as demonstrated by the fact that Plaintiff is pursuing the issue in the state supreme court. Therefore, Plaintiff's claim for injunctive relief should be dismissed.

Finally, to the extent Plaintiff asserts a state law claim for defamation, the court should decline to exercise jurisdiction over this claim. "The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004). The Eleventh Circuit has encouraged district courts to

dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *Id.* at 1089. Accordingly, Plaintiff's pendant state claim for damages for defamation should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii, iii).

At Pensacola, Florida this 18th day of March 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**